David Eder, OSB No. 052433
Email: david@tue-law.com
Joel Sturm, OSB No. 124710
Email: joel@tue-law.com
Andrew Gust, OSB No. 114074
Email: andrew@tue-law.com
Thuemmel Uhle & Eder
278 SW Arthur St
Portland, OR 97201
Telephone: (503) 227-4601
Fax (503) 243-3274
*Attorneys for Plaintiff Travis Craig*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRAVIS BARRETT CRAIG**, an individual, | Case No.: 3:24-cv-00832 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **CLACKAMAS COUNTY**, an Oregon municipal corporation, **JAMES WILLIAMS**, an individual, **JORDAN WOODWARD**, an individual, **ARNULFO NICOLAS**, an individual, **AARON HATFIELD**, an individual, **MIKE COPENHAVER**, an individual, **JENNA MORRISON**, an individual, **JESSE ASHBY**, an individual, **LEE EBY**, an individual, and **JOHN DOES 1 – 5**, | Jury Trial Demanded |
| Defendants. | |

For his Complaint against Defendants Clackamas County, James Williams, Jordan Woodward, Arnulfo Nicolas, Aaron Hatfield, Mike Copenhaver, Jenna Morrison, Jesse Ashby, Lee Eby and John Does 1 through 5, Plaintiff Travis Barrett Craig alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3),(4). This Court has pendant jurisdiction over Plaintiff's state law battery and negligence claims under 28 U.S.C. § 1967.

2. Venue is proper in the District of Oregon because the events giving rise to this claim occurred in the judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The conduct alleged herein took place in Clackamas County, Oregon.

## PARTIES

3. Plaintiff Travis Craig is an adult who currently resides in Oregon. At the time of the events giving rise to Plaintiff's Complaint, Plaintiff was an adult in custody (AIC) at the Clackamas County Jail located at 2206 Kaen Road, Oregon City, Oregon.

4. Defendant Clackamas County is a municipal corporation of the State of Oregon with the capacity to sue and be sued. The Clackamas County Sheriff's Office

5. Defendant James Williams was a Sergeant within the Clackamas County Sheriff's Office and assigned as the booking Sergeant at the Clackamas County Jail. Williams was employed by Clackamas County and acting under the color of law. Williams is being sued in his individual capacity.

6. At all times material, Defendant Arnulfo Nicolas was a Deputy within the Clackamas County Sheriff's Office and assisting with booking at the Clackamas County Jail. Nicolas was employed by Clackamas County and acting under the color of law. Williams is being sued in his individual capacity.

7. At all times material, Defendant Jordan Woodward was a Deputy within the Clackamas County Sheriff's Office and assisting with booking at the Clackamas County Jail.

Woodward was employed by Clackamas County and acting under the color of law. Williams is being sued in his individual capacity.

8. At all times material, Defendant Aaron Hatfield was a Sergeant within the Clackamas County Sheriff's Office. Hatfield was employed by Clackamas County and acting under the color of law. Williams is being sued in his individual capacity. Hatfield supervised Clackamas County Sheriff's Office deputies at the jail and was the supervisor who approved the subject Use of Force – 4 Report.

9. At all times material, Defendant Mike Copenhaver was an Undersheriff within the Clackamas County Sheriff's Office and was acting within the course and scope of his employment with Clackamas County. Copenhaver reviewed the use of force at issue in Plaintiff's Complaint following receipt of a memorandum from the Chief Deputy District Attorney concerning Williams' use of force upon Plaintiff.

10. At all times material, Jenna Morrison was an Undersheriff within the Clackamas County Sheriff's Office and was acting within the course and scope of his employment with Clackamas County. Morrison reviewed the use of force at issue in Plaintiff's Complaint following receipt of a memorandum from the Chief Deputy District Attorney concerning Williams' use of force upon Plaintiff.

11. At all times material, Jesse Ashby was a Chief Deputy within the Clackamas County Sheriff's Office and was acting within the course and scope of his employment with Clackamas County. Ashby reviewed the use of force at issue in Plaintiff's Complaint following receipt of a memorandum from the Chief Deputy District Attorney concerning Williams' use of force upon Plaintiff.

12. At all times material, Lee Eby was a Captain within the Clackamas County Sheriff's

Page 3 - COMPLAINT

Office and was acting within the course and scope of his employment with Clackamas County. Eby reviewed the use of force at issue in Plaintiff's Complaint following receipt of a memorandum from the Chief Deputy District Attorney concerning Williams' use of force upon Plaintiff.

13. John Does 1 – 5 comprise the Clackamas County Jail's use of force committee, which is the Corrections Lieutenants and Captain who reviewed the use of force that is the subject of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

14. On or about February 24, 2023, Plaintiff was in custody of the Clackamas County Sheriff's Office at the Clackamas County jail.

15. The previous evening, on February 23, 2023, Plaintiff was taken into custody by the Clackamas County Sheriff's Office, during which time he sustained injuries to his head and face. At the time of his arrest on February 23, Clackamas County Sheriff deputies placed a "spit sock hood" or "spit hood" over Plaintiff's head and face. The spit hood is an item used by corrections officers and police officers to prevent a detainee from spitting, biting and/or prevent the transmission of communicable disease at those officers. The spit hood is a use of force method available to officers and they are trained in the appropriate times to implement its use.

16. Due to the injuries Plaintiff sustained while he was taken into custody on February 23, 2023, Plaintiff was transported to Legacy Emmanuel Hospital for evaluation and treatment. After Plaintiff was treated at the hospital, he was transferred to the Clackamas County Jail.

17. At some point after Plaintiff was transported to Legacy Emmanuel, and before he arrived at the Clackamas County Jail, the spit hood was removed. The spit hood was not replaced prior to the events material to Plaintiff's Complaint.

18. While Plaintiff was in the vehicle sallyport to the booking area, Plaintiff was

unwilling to voluntarily enter the booking area. Accordingly, Deputies Nicolas and Woodward responded to assist with transferring Plaintiff into the booking area.

19. Plaintiff was handcuffed being his back and still wearing hospital clothing. Plaintiff's face showed signs of having been injured and was bandaged. Deputies Nicolas and Woodward each took one of Plaintiff's arms. At that time, they identified the smell of alcohol, knew that Plaintiff was intoxicated and noted a lack of compliance.

20. Williams was also involved in Plaintiff's transfer to the booking area. Plaintiff was known to Williams, who claims to have known that Plaintiff had a history of noncompliance and spitting at police officers and that Plaintiff carried a communicable disease. In addition, Williams knew or should have known that Plaintiff was intoxicated, was uncooperative at the time of being taken into custody and could observe that Plaintiff was not complying with officers' commands within the jail. Despite all of the information available to Williams, he did not place a spit sock hood on Plaintiff at the time of his transfer to the booking area or at any time leading up to the events material to Plaintiff's Complaint.

21. The following events were captured on a video recording from the booking area:

    a. Plaintiff is being pulled across the floor while handcuffed and with his genitals exposed. Nicolas and Woodward have full control over him and knew he had no weapons.

    b. While Plaintiff is being stood up by Nicolas and Woodward, Sergeant Williams approaches Plaintiff. At that time, Williams attempts to push Plaintiff's head and face away, which he says was in response to Plaintiff having spit at Williams.

    c. Plaintiff attempts to direct his head away from Williams' approaching hand/arm, at which point Williams grabs Plaintiff by his hair on the back of his head and slams Plaintiff into a concrete wall/cabinet several times.

        d.      After slamming Plaintiff into the wall/cabinet several times, and despite officers having full control over Plaintiff, Williams, with assistance from Nicolas and Woodward, slams Plaintiff to the concrete floor. Plaintiff's hands are behind his back and he is unable to brace himself whatsoever as he hits the floor.

16.     Plaintiff is seen on the video bloodied as it is obvious he suffered injuries as a result of Williams', Nicolas' and Woodwards' egregious actions.

16.     Plaintiff was transported to Providence Willamette Falls where it was determined that he suffered an orbital fracture and concussion as a result of the use of force at the jail. The use of force also reopened a wound that had been previously treated – necessitating additional treatment.

17.     After the incident, Nicolas, Woodward and Williams each completed a use of force report. Nicolas, Woodward and Williams omitted key facts from their use of force reports, which all concluded that the use of force was reasonable. Hatfield reviewed and signed off on the reports.

18.     The Clackamas County Jail's use of force committee, which is comprised of Corrections Lieutenants and Captain, reviewed and approved Williams' use of force.

19.     The matter was then referred to the Clackamas County District Attorney after Plaintiff's defense attorney in his criminal case saw the video from inside the jailhouse booking room. Towing the County line, the Chief Deputy DA wrote to the Clackamas County Sheriff's Office with attention to Copenhaver, Morrison, Ashby and Eby that Williams' use of force was reasonable and that the matter was closed. Once again, the DA's decision was a foregone conclusion and representative of a continued attempt to suppress or otherwise cover up Nicolas', Woodward's and Williams' egregious and excessive force upon Plaintiff.

20.     Pursuant to ORS 30.275, Plaintiff timely provided tort claim notice to Clackamas County.

Page 6 - COMPLAINT

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Deliberate Indifference

### (Against Defendants Clackamas County, Williams, Nicolas and Woodward)

21. Plaintiff realleges and incorporates paragraphs 1 to 20 as if set forth fully herein.

22. Under the Eighth Amendment, incorporated against State entities by the Fourteenth Amendment, a person in custody has the right to be free from "cruel and unusual punishments." A "cruel and unusual punishment" includes deliberate indifference to a serious risk of harm to an incarcerated person and to using an unreasonable amount of force.

23. Defendants Clackamas County, Nicolas, Woodward and Williams, acting under the color of law, were aware of the pain and injury that would be caused by slamming Plaintiff's head and face into the wall and metal cabinet and thereafter slamming Plaintiff to the concrete floor while he was intoxicated and while his hands were restrained behind his back and he was helpless to brace his fall. Moreover, these actions occurred despite the fact that a less excessive use of force was available and had been previously used by the Sheriff's Office earlier that evening – i.e., the spit hood. Use of the spit hood would have obviated all of these defendants' later actions. These actions taken by Clackamas County, Nicolas, Woodward and Williams, constitute excessive force.

24. Clackamas County's, Nicolas', Woodward's and Williams', actions were the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, anguish, medical expenses, and loss of future wages. Plaintiff is entitled to all of his damages, compensatory and punitive, in an amount to be ascertained according to proof at trial.

### SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Failure to Train

**(Against Clackamas County)**

25. Plaintiff realleges and incorporates paragraphs 1 to 20 and 22 to 24 as if set forth fully herein.

26. In addition to depriving Plaintiff of his constitutional rights as discussed in the First Claim for Relief, Clackamas County failed to train its Sheriff's Officers, including its Sergeants and Deputies, on the proper use of force, including the appropriate use of spit sock hoods, restraining uncooperative detainees, gaining control of restrained detainees and dealing with intoxicated detainees. Training in these areas was directly related to the type of work and duties performed by Sheriff's Officers at the Clackamas County Jail. Sheriff's Officers were in recurrent situations where noncompliant and intoxicated detainees ran the risk of spitting at Officers. Thus, use of a spit hood and proper use of force of a restrained intoxicated individual were regular and expected.

27. Use of force upon an intoxicated and restrained individual is inherently dangerous and can result in serious injury and death.

28. Clackamas County's actions were the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, anguish, medical expenses, and loss of future wages. Plaintiff is entitled to all of his damages, compensatory and punitive, in an amount to be ascertained according to proof at trial.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Deprivation of Due Process in Investigation and Cover Up**

**(Against All Defendants)**

29. Plaintiff realleges and incorporates paragraphs 1 to 20, 22 to 24 and 26 to 28 as if set forth fully herein.

Page 8 - COMPLAINT

30. Pursuant to Clackamas County policies, the officers involved in the use of force upon Plaintiff (here, Williams, Woodward and Nicolas) were required to complete use of force reports. Each of Williams, Woodward and Nicolas completed their reports. Those reports however, were missing key facts and were framed in such a way as to justify Williams' actions rather than reciting the entire factual background and how the actions taken were consistent with Clackamas County Sheriff's Office policies and their training.

31. Hatfield promptly signed off on Williams', Woodward's and Nicolas' reports despite their inconsistencies with the available booking room video footage. At some point thereafter, these reports were submitted to the Clackamas County Jail's use of force committee who rubber stamped the use of force.

32. Following the use of force committees' review, the use of force reports and jailhouse videos were initially suppressed by the Clackamas County Sheriff's Office, who did not turn over the same to the District Attorney's Office for review of Williams' use of force.

33. The Clackamas County DA's Office undertook a review of the use of force reports after Plaintiff's criminal defense attorney referred the matter to the DA's Office. This was necessitated, of course, because the Sheriff's Office initially suppressed the information. Like the reports that came before it, the Clackamas County DA's Office's memorandum reached the predetermined conclusion the use of force had been reasonable. The DA's Office's memorandum failed to account for key facts and prevailing use of force policies and training. The DA's Office admonished the Sheriff's Office for not turning over the information regarding the use of force on its own and stated that this can never happen again.

34. Clackamas County Sheriff's Office employees Copenhaver, Morrison, Ashby and Eby failed or otherwise refused to perform any additional follow up to Williams', Nicolas' and

Woodward's actions – effectively sweeping their actions under the rug.

35. Plaintiff had a protected interest in: being free from excessive force; a legitimate investigation following allegations of the same; and that seeing that his aggressor(s) were punished in response to their actions.

36. The defendants, acting under color of state law, deprived LRY of rights secured by the U.S. Constitution or federal law, including LRY's rights to due process and equal protection of the law.

37. These defendants violated one or more clearly established constitutional rights and knew or should have known that they and each of them was violating the Constitution. They and each of them acted willfully, knowingly, with malice and purposefully with the specific intent to deprive the Plaintiffs of their rights or, alternatively, the defendants, having a duty under the Constitution to Plaintiff, acted or failed to act with a deliberate or reckless disregard of the Plaintiff's constitutional rights.

38. Plaintiff was denied adequate procedural and substantive protections guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution by the defendants' acts or omissions as referenced herein.

39. As a result of these defendants' actions, Plaintiff is entitled to receive compensatory damages for the losses incurred because of the constitutional violations in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Negligence

**(Against Defendants Clackamas County, Williams, Nicolas and Woodward)**

40. Plaintiff realleges and incorporates paragraphs 1 to 20, 22 to 24, 26 to 28 and 30 to

39 as if set forth fully herein.

41. Defendants Williams, Nicolas were responsible for ensuring that their acts, as Sheriff's Office Deputies and a Sergeant, acting on behalf of Clackamas County, were in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care.

42. Clackamas County for the deployment of deputies, the training of deputies, the provision and use of force, and other policies, procedures, practices, and customs, and is responsible for its acts and omissions, challenged by this suit.

43. Defendants Clackamas County, Williams, Nicolas and Woodward were negligent in one or more of the following particulars

  a. Failure to train the Sheriff's Officers at the Clackamas County Jail in the proper use of force, including the appropriate use of spit sock hoods, restraining uncooperative detainees, gaining control of restrained detainees and dealing with intoxicated detainees.

  b. Failure to monitor and/or otherwise supervise the Sheriff's Officers at the Clackamas County Jail;

  c. In allowing a culture to exist at the Clackamas County Jail whereby Sheriff's Officers who reported misconduct were subjected retaliation or the risk of retaliation;

  d. In allowing Williams to be in charge despite his history of use of force;

  e. Slamming Plaintiff's head against the cabinet/wall of the booking area while he was double restrained and had no weapons;

  f. Slamming Plaintiff's entire body and face to the concrete floor of the

booking area while he was double restrained by Deputies as well as handcuffed and had no weapons; and/or

    g.    Failing to brace Plaintiff while taking him to the floor of the booking area.

45.    Defendants Clackamas County's, Williams', Nicolas' and Woodward's conduct created a foreseeable risk of harm to Plaintiff.

46.    As a result of Clackamas County's, Williams', Nicolas' and Woodward's negligence, Plaintiff suffered bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, anguish, medical expenses, and loss of future wages. Plaintiff is entitled to all of his damages, compensatory and punitive, in an amount to be ascertained according to proof at trial.

### FIFTH CLAIM FOR RELIEF

### Battery

### (Against Clackamas County, Williams, Nicolas and Woodward)

47.    Plaintiff realleges and incorporates paragraphs 1 to 20, 22 to 24, 26 to 28, 30 to 39 and 41 to 46 as if set forth fully herein.

48.    Through its agents, Clackamas County is liable for an action in State Tort.

49.    Clackamas County's agents intended to cause harmful or offensive contact with Plaintiff when they slammed his head and face into the cabinet/wall and floor of the Clackamas County Jail booking area.

50.    Clackamas County's agents' actions directly caused a harmful or offensive contact with Plaintiff.

51.    Clackamas agents' actions were the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, anguish, medical expenses, and loss of future wages. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

## ATTORNEYS FEES & COSTS

52. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to his reasonable attorney fees and costs for his claims brought under 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

53. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff arise entitled to damages, including compensatory and punitive damages, in an amount to be proven at trial, as well as an award of prejudgment interest, attorney fees and costs incurred herein. Plaintiff reserves the right to seek to amend this Complaint to conform with the facts of this matter as they are further developed over the course of the proceedings leading to trial.

DATED this 22nd day of May, 2024

THUEMMEL UHLE & EDER

By /s/ David Eder
David Eder, OSB No. 052433
david@tue-law.com
Joel Sturm, OSB No. 124710
joel@tue-law.com
Andrew Gust, OSB No. 114074
andrew@tue-law.com
Attorneys for Plaintiff